COWART, Judge,
dissenting:
Appellants, as buyers, and appellees, as sellers, entered into a contract for the sale and purchase of 30.1 acres of land for $85,-500 on terms of $24,795 down and the balance of $60,705, payable in eight equal annual installments of $7,588.12 each plus interest, to be secured by a purchase money mortgage. The contract contained the following special clause:
Seller agrees to release clause in the purchase money mortgage for the property to be released upon payment of $4,000 per acre on the 15.1 acres fronting on Highway 27, and $2,500 per acre on the east 15 acres.
Before this transaction was closed, a dispute arose. The sellers said they would not close unless the buyers agreed that the re *591 lease clause meant that the 15.1 acre highway frontage parcel would be released only as a single unit upon the payment of $60,-400 and the east 15 acre parcel would be released only as a single unit upon the payment of $37,000. The buyers brought suit for specific performance. Both parties moved for summary júdgment, each contending that their opponent’s construction of the release clause would be absurd under the circumstances. The trial judge entered an order requiring the buyers to either agree that the release clause to be inserted in the purchase money mortgage would be written to read in accordance with the sellers’ contention, in which event summary judgment would be entered in favor of the buyers, or in the alternative, to have summary judgment entered in favor of the sellers and specific performance denied. The buyers, under protest, elected to close with the mortgage containing a release clause in conformity with the court’s order and the sellers’ contention. Final summary judgment was entered accordingly and this appeal resulted. I would give the buyers relief. First, because the sales contract itself was unambiguous, that is, it clearly provided that the purchase money mortgage contain the quoted clause, the buyers were entitled to specific performance without being forced to agree to language that modified the release provision to be placed in the mortgage. While the release clause itself is ambiguous and a possible case or controversy involving its meaning is easily foreseeable, that potential controversy was not ripe for judicial determination, was not properly presented and was in fact not made. Second, if and when the buyers ever demanded a release pursuant to this clause and a present justiciable controversy warranted adjudication of the issue, a proper interpretation of the release clause should be in favor of the buyers because the release provision contained in the contract was expressed in terms of dollars per acre rather than a total sum per tract.